IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,652-01






EX PARTE RODNEY CORDELL EDWARDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28048CR IN THE 40TH DISTRICT COURT


FROM ELLIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to thirty years' imprisonment. The Tenth Court of Appeals affirmed his
conviction. Edwards v. State, No. 10-04-00195-CR (Tex. App.-Waco Aug. 3, 2005, no pet.).

 Applicant contends that trial counsel rendered ineffective assistance because, among other
things, he failed to investigate and subpoena a co-defendant who could have provided exculpatory
evidence. Applicant also contends that appellate counsel (1) failed to advise Applicant of his right to
file a pro se petition for discretionary review. 

 On September 29, 2010, we remanded this application and directed the trial court to make
findings of fact and conclusions of law. After reviewing a sworn affidavit counsel filed in response
to Applicant's claims, the trial court made findings of fact and concluded that Applicant had not
established that counsel was ineffective. We agree that Applicant has not established that counsel
was ineffective for failing to investigate and subpoena a co-defendant. However, we believe that the
record is not sufficient to resolve Applicant's other claim. In his affidavit, counsel stated that he
advised Applicant that he could file a pro se petition for discretionary review. According to an
August 12, 2005 letter that Applicant forwarded with his application, counsel sent Applicant a copy
of the opinion affirming his conviction, but counsel did not advise Applicant of his right to file a pro
se petition for discretionary review in this letter. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel, Todd Phillippi, to respond to Applicant's claim and to state whether he advised
Applicant of his right to file a pro se petition for discretionary review in any such letter or otherwise.
The trial court shall also order counsel to produce this letter, if it exists, or evidence of other
communication. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether
Applicant was denied his right to file a pro se petition for discretionary review because counsel
failed to advise Applicant of this right. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish

1. Appellate counsel was also trial counsel in this cause.